# *Exhibit A*

*Exhibit A*

**COPY**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

RANDSTAD US, L.P., a Delaware limited partnership;
"Additional Parties Attachment" attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

ALFREDO VASQUEZ, on behalf of himself and others similarly
situated

```
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

JUN 1 5 2017

CLERK OF THE SUPERIOR COURT
By  M. Williams
                              Deputy
```

**BY FAX**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Oakland, Rene C. Davidson Courthouse 1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* RG1 7 8 6 4 2 0 2 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Yeremian, 535 N. Brand Blvd. Suite 705, Glendale, CA 91203  (818) 230-8380

| DATE: *(Fecha)* JUN 1 5 2017 | Chad Finke | Clerk, by *(Secretario)* M. Williams | , Deputy *(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  Randstad US, L.P., a Delaware limited partnership

under: ☐ CCP 416.10 (corporation)                    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Vasquez v. Randstad US, L.P. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

XPO LOGISTICS FREIGHT, INC., a Delaware corporation; XPO LOGISTICS WORLDWIDE, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

COPY

DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
Enoch J. Kim (SBN 261146)
enoch@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

Attorneys for Plaintiff ALFREDO VASQUEZ
on behalf of himself and others similarly situated

**ENDORSED
FILED
ALAMEDA COUNTY**

JUN 1 5 2017

CLERK OF THE SUPERIOR COURT
By **M. Williams**
                              Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

ALFREDO VASQUEZ, on behalf of himself
and others similarly situated,

Plaintiff,

vs.

RANDSTAD US, L.P., a Delaware limited
partnership; XPO LOGISTICS FREIGHT,
INC., a Delaware corporation; XPO
LOGISTICS WORLDWIDE, LLC, a
Delaware limited liability company; and
DOES 1 through 50, inclusive,

Defendants.

Case No. RG17864202

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Minimum Wage
2. Failure to Pay Wages and Overtime in
   Violation of Labor Code § 510
3. Meal-Period Liability Under Labor
   Code § 226.7;
4. Rest-Break Liability Under Labor Code
   § 226.7;
5. Violation of Labor Code § 226(a);
6. Violation of Labor Code § 203;
7. Violation of Business & Professions Code
   § 17200 et seq.; and

**DEMAND FOR JURY TRIAL**

BY FAX

- 1 -

CLASS ACTION COMPLAINT

1    Plaintiff ALFREDO VASQUEZ (hereinafter "Plaintiff") on behalf of himself and all

2  others similarly situated, complains of Defendants, and each of them, as follows:

3                                    **INTRODUCTION**

4    1.    Plaintiff brings this action on behalf of himself and all current and former non-

5  exempt employees within the State of California who, at any time four (4) years prior to the filing

6  of this lawsuit, are or were employed by Defendants RANDSTAD US, L.P., XPO LOGISTICS

7  FREIGHT, INC., XPO LOGISTICS WORLDWIDE, LLC, and DOES 1 through 50 (all

8  defendants being collectively referred to herein as "Defendants"). Plaintiff alleges that

9  Defendants, and each of them, violated various provisions of the California Labor Code, relevant

10  orders of the Industrial Welfare Commission (IWC), and California Business & Professions Code,

11  and seeks redress therefore.

12    2.    Plaintiff is a resident of California and, during the time period relevant to this

13  Complaint, was employed by Defendants as a non-exempt hourly employee within the State of

14  California.

15    3.    Venue as to Defendants is proper in this judicial district pursuant to California

16  Code of Civil Procedure § 395 et seq. Upon information and belief, the obligations and liabilities

17  giving rise to this lawsuit occurred in part in the County of Alameda.

18    4.    The true names and capacities, whether individual, corporate, associate, or

19  whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently

20  unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of

21  Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants

22  designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in

23  some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend

24  this Complaint to reflect the true names and capacities of the Defendants designated herein as

25  Does 1 through 50 when their identities become known.

26    5.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in

27  all respects pertinent to this action as the agent of the other Defendants, that Defendants carried

28  out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of

1  each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in

2  all respects as the employers or joint employers of Plaintiff and other class members. Defendants,

3  and each of them, exercised control over the wages, hours or working conditions of Plaintiff and

4  other class members, or suffered or permitted Plaintiff and other class members to work, or

5  engaged, thereby creating a common law employment relationship, with Plaintiff and other class

6  members. Therefore, Defendants, and each of them, employed or jointly employed Plaintiff and

7  other class members.

8                                **FACTUAL BACKGROUND**

9       6.      From at least four (4) years prior to the filing of this lawsuit and continuing to the

10  present, Defendants had a consistent policy or practice of failing to pay Plaintiff and other class

11  members for all hours worked, and failing to pay at least minimum wages for all time worked as

12  required by California law.

13      7.      From at least four (4) years prior to the filing of this lawsuit and continuing to the

14  present, Defendants had a consistent policy or practice of failing to pay Plaintiff and other class

15  members overtime compensation at premium overtime rates for all hours worked in excess of

16  eight (8) hours a day and/or forty (40) hours a week in violation of Labor Code § 510 and the

17  corresponding sections of IWC Wage Orders.

18      8.      From at least four (4) years prior to the filing of this lawsuit and continuing to the

19  present, Defendants have regularly required Plaintiff and other class members to work shifts in

20  excess of five (5) hours without providing them with uninterrupted meal periods of not less than

21  thirty (30) minutes; nor did Defendants pay Plaintiff and other class members "premium pay," i.e.

22  one hour of wages at each Plaintiff and other class members' effective hourly rate of pay, for each

23  meal period that Defendants failed to provide or deficiently provided.

24      9.      From at least four (4) years prior to the filing of this lawsuit and continuing to the

25  present, Defendants have consistently failed to provide Plaintiff and other class members with

26  paid rest breaks of not less than ten (10) minutes for every work period of four (4) or more

27  consecutive hours; nor did Defendant pay Plaintiff and other class members premium pay for each

28  day on which requisite rest breaks were not provided or were deficiently provided.

10.     From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently failed to provide Plaintiff and other class members with timely, accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws.

11.     From at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have had a consistent policy of failing to pay all wages due and owed to Plaintiff and other class members at the time of their termination of within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws.

12.     In light of the foregoing, Plaintiff and other class members bring this action pursuant to, inter alia, Labor Code §§ 201, 202, 203, 226, 226.7, 512, 1194, 1194.2, 1197, 1198, and 1199.

13.     Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Plaintiff and other class members seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of the Labor Code.

## CLASS ALLEGATIONS

14.     Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a class defined as follows: individuals employed by Defendants as non-exempt employees within the State of California at any time within four (4) years of the filing of this lawsuit to the present.

15.     Plaintiff reserves the right under California Rule of Court 3.765 to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues.

16.     This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure § 382 because there is a well-defined community of interest in litigation and proposed class is easily ascertainable.

**A.     Numerosity**

17.     The potential members of the class as defined are so numerous that joinder of all the member of the class is impracticable. While the precise number of class member has not been

1  determined at this time, Plaintiff is informed and believes that Defendants employ or, during the

2  time period relevant to this lawsuit, employed more than 40 individuals were employed by

3  Defendants within the State of California.

4        18.     Accounting for employee turnover during the relevant time period increases this

5  number substantially. Plaintiff alleges that Defendants' employment records will provide

6  information as to the number and location of all class members.

7      **B.**    **Commonality**

8        19.     There are questions of law and fact common to the class that predominate over any

9  questions affecting only individual class members. These common questions of law and fact

10  include:

11      a.     Whether Defendants failed to pay Plaintiff and other class members minimum

12             wages for all hours worked;

13      b.     Whether Defendants failed to pay Plaintiff and other class members wages and

14             overtime in violation of Labor Code § 510;

15      c.     Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable

16             IWC Wage Orders, by failing to provide Plaintiff and other class members with

17             requisite meal periods and rest periods or premium pay in lieu thereof;

18      d.     Whether Defendants violated Labor Code § 226(a);

19      e.     Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay

20             wages and compensation due and owing at the time of termination of employment;

21      f.     Whether Defendants violated Business and Professions Code § 17200 et seq.; and

22      g.     Whether Plaintiff and other class members are entitled to equitable relief pursuant

23             to Business and Professions Code § 17200 et seq.

24      **C.**    **Typicality**

25        20.     The claims of the named plaintiff are typical of those of the other class members.

26  Plaintiff and other class members all sustained injuries and damages arising out of and caused by

27  Defendant's common course of conducts in violation of statutes, as well as regulations that have

28  the force and effect of law, as alleged herein.

CLASS ACTION COMPLAINT

**D.  Adequacy of Representation**

21.   Plaintiff will fairly and adequately represent and protect the interest of other class members. Counsel who represents Plaintiff and the putative class members are experienced and competent in litigating employment class actions.

**E.  Superiority of Class Action**

22.   A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of Plaintiff and other class members is not practicable, and questions of law and fact common to Plaintiff and all other class members predominate over any questions affecting only individual class members. Plaintiff and other class members has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Plaintiff and other class members properly.

23.   Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class action.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

24.   Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

25.   California Labor Code § 1197 makes it unlawful for employers to pay less than the minimum wage to employees.

26.   California Labor Code § 1194.2 also allows employees to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

27.   Defendants had a common policy and practice of failing to pay Plaintiff and other class members at least minimum wages for all hours worked. Specifically, Plaintiff and other class members were consistently required to work through their meal periods due to Defendants' policy and practice of requiring them to finish loading and unloading containers on a strict schedule before allowing them to take a meal break, which was not provided at all times. Defendants

- 6 -

CLASS ACTION COMPLAINT

1  failed to pay Plaintiff and other class members at least minimum wage for this time worked off-

2  the-clock.

3      28.    Defendants have the ability to pay minimum wages for all time worked and have

4  willfully refused to pay such wages with the intent to secure for Defendants a discount upon this

5  indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud employees.

6      29.    Wherefore, Plaintiff and other class members are entitled to recover the unpaid

7  minimum wages (including double minimum wages), liquidated damages in an amount equal to

8  the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs

9  of suit pursuant to California Labor Code § 1194(a).

10                    **SECOND CAUSE OF ACTION**

11  **FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF LABOR CODE § 510**

12                        **(Against all Defendants)**

13      30.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

14  full herein.

15      31.    By their conduct, as set forth herein, Defendants violated California Labor Code §

16  510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Plaintiff and

17  other class members time and one-half their regular rates of pay for hours worked in excess of

18  eight (8) hours in a workday or in excess of forty (40) hours in any workweek.

19      32.    As discussed above, Plaintiff and other class members were required to work hours

20  without pay. These uncompensated hours caused Plaintiff and other class members to work in

21  excess of eight (8) hours on a given day and/or forty (40) hours in a given week, entitling them to

22  overtime wages which they were never paid in violation of Labor Code § 510 and applicable

23  Wage Orders. Based on information and belief, Defendants did not make available to Plaintiff and

24  other class members a reasonable protocol for correcting time records when they worked overtime

25  hours.

26      33.    Consequently, pursuant to California Labor Code §§ 510 and 1194 (and the

27  relevant orders of the Industrial Welfare Commission), Defendants are liable to Plaintiff and other

28  class members for the full amount of all their unpaid wages and overtime compensation, with

- 7 -

1    interest, plus their reasonable attorneys' fees and costs.

2    ### THIRD CAUSE OF ACTION

3    ### MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7

4    **(Against All Defendants)**

5        34.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

6    full herein.

7        35.    Plaintiff and other class members regularly worked shifts greater than five (5)

8    hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of more

9    than five (5) hours without providing him or her with a meal period of not less than thirty (30)

10   minutes or for a shift of more than ten (10) hours without providing him or her with a second meal

11   period of not less than thirty (30) minutes.

12       36.    Defendants failed to provide Plaintiff and other class members with meal periods as

13   required under the Labor Code. For example, Defendants failed to provide meal periods to

14   Plaintiff and other class members within the first five hours of their shifts because Defendants

15   required Plaintiff and other class members to finish loading and unloading containers before

16   allowing them to take a meal break, which was not provided at all at times.

17       37.    Moreover, Defendants failed to compensate Plaintiff and other class members for

18   each meal period not provided or inadequately provided, as required under Labor Code § 226.7.

19       38.    Therefore, pursuant to Labor Code § 226.7, Plaintiff and other class members are

20   entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of

21   pay for each meal period not provided or deficiently provided, a sum to be proven at trial.

22   ### FOURTH CAUSE OF ACTION

23   ### REST-BREAK LIABILITY UNDER LABOR CODE § 226.7

24   **(Against All Defendants)**

25       39.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

26   full herein.

27       40.    Plaintiff and other class members consistently worked consecutive four (4) hour

28   shifts each day without being provided proper rest breaks as required by law. Pursuant to the

1    Labor Code and the applicable IWC Wage Order, Plaintiff and other class members were entitled

2    to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift or

3    major fraction thereof.

4        41.    Defendants failed to provide Plaintiff and other class members with timely rest

5    breaks of not less than ten (10) minutes for each consecutive four (4) hour shift or major fraction

6    thereof.

7        42.    Moreover, Defendants did not compensate Plaintiff and other class members with

8    an additional hour of pay at each Plaintiff and other class members' effective hourly rate for each

9    day that Defendants failed to provide them with adequate rest breaks, as required under Labor

10   Code § 226.7.

11       43.    Therefore, pursuant to Labor Code § 226.7, Plaintiff and other class members are

12   entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of

13   pay for each day worked without the required rest breaks, a sum to be proven at trial.

14       **FIFTH CAUSE OF ACTION**

15       **VIOLATION OF LABOR CODE § 226(a)**

16       **(Against All Defendants)**

17       44.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

18   full herein.

19       45.    California Labor Code § 226(a) requires an employer to furnish each of its

20   employees with an accurate, itemized statement in writing showing the gross and net earnings,

21   total hours worked, and the corresponding number of hours worked at each hourly rate; these

22   statements must be appended to the detachable part of the check, draft, voucher, or whatever else

23   serves to pay the employee's wages; or, if wages are paid by cash or personal check, these

24   statements may be given to the employee separately from the payment of wages; in either case, the

25   employer must give the employee these statements twice a month or each time wages are paid.

26       46.    Defendants failed to provide Plaintiff and other class members with accurate

27   itemized wage statements in writing, as required by the Labor Code. Specifically, the wage

28   statements given to Plaintiff and other class members, by Defendants, failed to account for wages

- 9 -

1  and premium pay owed to Plaintiff and other class members for deficiently provided meal periods,

2  as alleged hereinabove.

3       47.    As a direct and proximate cause of Defendants' violation of <u>Labor Code § 226(a)</u>,

4  Plaintiff and other class members suffered injuries, including among other things confusion over

5  whether they received all wages owed them, the difficulty and expense involved in reconstructing

6  pay records, and forcing them to make mathematical computations to analyze whether the wages

7  paid in fact compensated them correctly for all hours worked.

8       48. ·    Pursuant to <u>Labor Code §§ 226(a)</u> and <u>226(e)</u>, Plaintiff and other class members are

9  entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period

10  in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay

11  period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also

12  entitled to an award of costs and reasonable attorneys' fees.

13  <b><u>SIXTH CAUSE OF ACTION</u></b>

14  <b>VIOLATION OF <u>LABOR CODE § 203</u></b>

15  <b>(Against All Defendants)</b>

16       49.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

17  full herein.

18       50.    Numerous class members are no longer employed by Defendants; they either quit

19  Defendants' employ or were fired therefrom.

20       51.    Defendants failed to pay these class members all wages due and certain at the time

21  of termination or within seventy-two (72) hours of resignation.

22       52.    The wages withheld from Plaintiff and other class members by Defendants

23  remained due and owing for more than thirty (30) days from the date of separation of employment.

24       53.    Defendants' failure to pay wages, as alleged above, was willful in that Defendants

25  knew wages to be due but failed to pay them; this violation entitles class members to penalties

26  under <u>Labor Code § 203</u>, which provides that an employee's wages shall continue until paid for up

27  to thirty (30) days from the date they were due.

28  ///

- 10 -
CLASS ACTION COMPLAINT

## SEVENTH CAUSE OF ACTION

### VIOLATION OF <u>BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.</u>

#### (Against All Defendants)

54.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

55.    Plaintiff, on behalf of himself, other class members, and the general public, brings this claim pursuant to <u>Business & Professions Code § 17200 et seq</u>. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff and other class membersand the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of <u>Code of Civil Procedure § 1021.5</u>.

56.    Plaintiff is a "person" within the meaning of <u>Business & Professions Code § 17204</u>, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

57.    <u>Business & Professions Code § 17200 et seq</u>. prohibits unlawful and unfair business practices.

58.    Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods, etc., are fundamental public policies of California. <u>Labor Code § 90.5(a)</u> articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

59.    Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of <u>Business & Professions Code § 17200 et seq.;</u> which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

- 11 -

60.     Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the Business & Professions Code § 17200 et seq.

61.     Defendants, by engaging in the conduct herein alleged, by failing to provide meal periods, which Defendants either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the Business & Professions Code § 17200 et seq.

62.     As a proximate result of the above-mentioned acts of Defendants, Plaintiff and other class members have been damaged, in a sum to be proven at trial.

63.     Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Plaintiff and other class members the money Defendants have unlawfully failed to pay.

                              **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1.     For an order certifying this action as a class action;

2.     For compensatory damages in the amount of the unpaid minimum wage for work performed by Plaintiff and other class members from at least four (4) years prior to the filing of this action, as may be proven;

3.     For compensatory damages in the amount of all unpaid wages, including overtime pay, from at least four (4) years prior to the filing of this action, as may be proven;

4.     For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, as may be proven;

5.     For compensatory damages in the amount of the hourly wage made by Plaintiff and other class members for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

- 12 -
CLASS ACTION COMPLAINT

6.      For compensatory damages in the amount of the hourly wage made by Plaintiff and other class members for each missed or deficient rest period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

7.      For penalties pursuant to <u>Labor Code § 226(e)</u> for Plaintiff and other class members, as may be proven;

8.      For penalties pursuant to <u>Labor Code § 203</u> for Plaintiff and all other class members who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

9.      For restitution for unfair competition pursuant to <u>Business & Professions Code § 17200 et seq.</u>, including disgorgement or profits, as may be proven;

10.     For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

11.     For all general, special, and incidental damages as may be proven;

12.     For an award of pre-judgment and post-judgment interest;

13.     For an award providing for the payment of the costs of this suit;

14.     For an award of attorneys' fees; and

15.     For such other and further relief as this Court may deem proper and just.

DATED: June 15, 2017                          DAVID YEREMIAN & ASSOCIATES, INC.


                                              By
                                              David Yeremian
                                              Attorneys for Plaintiff ALFREDO VASQUEZ
                                              and the putative class

CLASS ACTION COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3

DATED:  June 15, 2017                                    DAVID YEREMIAN & ASSOCIATES, INC.

4

5

6                                                                              By
                                                                              David Yeremian
7                                                                              Attorneys for Plaintiff
                                                                              ALFREDO VASQUEZ and the putative class
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -
CLASS ACTION COMPLAINT

# COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David Yeremian (226337)<br>David Yeremian & Associates, Inc.<br>535 N. Brand Blvd., Suite 705<br>Glendale, CA 91203<br>TELEPHONE NO.: (818) 205-1212    FAX NO.: (818) 205-1616<br>ATTORNEY FOR *(Name):* Plaintiff, Daniel Figueroa and Joseph Figueroa, et al. | **ENDORSED FILED ALAMEDA COUNTY**<br><br>JUN 1 5 2017<br><br>CLERK OF THE SUPERIOR COURT<br>By **M. Williams**<br><br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Steet
CITY AND ZIP CODE: Okland, California 94612
BRANCH NAME: Okland, Rene C. Davidson

CASE NAME:
Vasquez v. Randstad US, L.P.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **RG17864202** |
|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter** ☐ **Joinder**<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case ☑ is ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 15, 2017
David Yeremian

(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**BY FAX**

David Yeremian & Associates Inc.
Attn: Yeremian, David
535 N. Brand Blvd., Suite 705
Glendale, CA 91203

## Superior Court of California, County of Alameda

| | |
|---|---|
| Vasquez | No. RG17864202 |
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT** |
| | **CONFERENCE AND ORDER** |
| Randstad US, LP | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: 10/30/2017 | Department: 16 | Judge: **Stephen Pulido** |
| Time: **03:00 PM** | Location: **Administration Building** | Clerk: **Kasha Clarke** |
| | **Third Floor** | Clerk telephone: **(510) 267-6932** |
| | **1221 Oak Street, Oakland CA 94612** | E-mail: |
| | | Dept16@alameda.courts.ca.gov |
| | Internet: **www.alameda.courts.ca.gov** | Fax: |

### ORDERS

1. **Plaintiff** must:

    a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

    b. Give notice of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference must:**

    a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

    b. **File and serve** a completed *Case Management Statement* on Form CM-110 at least 15 days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

    c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: RG17864202
Case Title:    Vasquez VS Randstad US, LP
Date of Filing: 06/15/2017

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Stephen Pulido** |
| **Department:** | **16** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6932** |
| **Fax Number:** | |
| **Email Address:** | **Dept16@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, George E. McDonald Hall of Justice, 2233 Shoreline Drive, Alameda, California, 94501 and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Stephen Pulido
DEPARTMENT 16

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association at www.acbanet.org.

All references to "counsel" in this Order apply equally to self-represented litigants. The Court maintains Self-Help Services at 24405 Amador Street, Hayward, CA, (510) 272-1393.

Parties and counsel must submit identical courtesy copies of all law and motion papers directly to Dept. 16 no later than 12:00 p.m. the day after they are filed and served. If the courtroom is closed when the delivery is made, counsel may leave the papers in the box placed outside of Dept. 16. This requirement is set forth in Local Rule 3.30(c). If a party files a motion that requires the Court to review the pleadings, courtesy copies of the relevant Complaints, Cross-Complaints, or Answers must also be delivered to Dept. 16.

**Schedule for Department 16**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Mondays through Thursdays, beginning at 8:30 a.m. and concluding at 1:30 p.m.

- Case Management Conferences are held:  Mondays, Tuesdays and Thursdays at 3:00 p.m.  Timely filed and complete case management conference statements are mandatory in all cases.

- Law and Motion matters are heard:  Tuesdays and Thursdays at 3:00 p.m.

Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/22/2017

By _____

Deputy Clerk

# *Exhibit B*

*Exhibit B*

1   SEYFARTH SHAW LLP
    Andrew M. McNaught (SBN 209093)
2   amcnaught@seyfarth.com
    Michael A. Wahlander (SBN 260781)
3   mwahlander@seyfarth.com
    Elizabeth J. MacGregor (SBN 267326)
4   emacgregor@seyfarth.com
    560 Mission Street, 31st Floor
5   San Francisco, California 94105
    Telephone:    (415) 397-2823
6   Facsimile:    (415) 397-8549

7   Attorneys for Defendant
    RANDSTAD US, L.P., a Delaware limited partnership

8

9

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF ALAMEDA

12

13   ALFREDO VASQUEZ, on behalf of himself and      Case No. RG17864202
     others similarly situated,
14
                Plaintiff,
15
          vs.                                        **DEFENDANT RANDSTAD US, L.P.'S**
16                                                   **ANSWER TO PLAINTIFF'S CLASS**
     RANDSTAD US, L.P. a Delaware limited            **ACTION COMPLAINT**
17   partnership; XPO LOGISTICS FREIGHTS, INC.,
     a Delaware corporation; XPO LOGISTICS
18   WORLDWIDE, LLC, a Delaware limited liability    Trial Date: None Assigned
     company; and DOES 1 through 50, inclusive,      Date Action Filed: June 15, 2017
19
                Defendants.
20

21

22

23

24

25

26

27

28

---

DEFENDANT RANDSTAD US, L.P.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT
/ CASE NO. RG17864202

39861962v.1

ENDORSED
FILED
ALAMEDA COUNTY

JUL 27 2017

CLERK OF THE SUPERIOR COURT
By: ERICA BAKER, Deputy

Defendant Randstad US, L.P. ("Defendant") answers the unverified Class Action Complaint ("Complaint") filed on behalf of Plaintiff Alfredo Vasquez ("Plaintiff"), purportedly acting on behalf of himself and others similarly situated, as follows:

### GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant denies, generally and specifically, each and every allegation, and each purported cause of action contained in Plaintiff's Complaint. Defendant further denies, generally and specifically, that Plaintiff has been damaged in the manner and sums alleged, or in any way at all, by reason of any alleged act or omission of Defendant.

### SEPARATE DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST SEPARATE DEFENSE

#### (Failure to State a Cause of Action—All Causes of Action)

1.      Neither the Complaint as a whole, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action or claim for relief against Defendant.

### SECOND SEPARATE DEFENSE

#### (Statute of Limitations—All Causes of Action)

2.      The claims of Plaintiff, and those of the putative class, are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 338(a), 337(1), 339(1), 340, and 343, and California Business and Professions Code section 17208.

1

### THIRD SEPARATE DEFENSE

#### (Laches, Waiver, Estoppel—All Causes of Action)

3.    Plaintiff, and the putative class members, are not entitled to any relief to the extent that they forfeited their right to relief under the doctrine of laches, waived their right to relief, or are estopped from seeking the relief requested in the Complaint.

### FOURTH SEPARATE DEFENSE

#### (Unclean Hands—All Causes of Action)

4.    Plaintiff's purported causes of action on his own behalf and on behalf of the class he seeks to represent are barred in whole or in part by the doctrine of unclean hands.

### FIFTH SEPARATE DEFENSE

#### (Offset—All Causes of Action)

5.    To the extent that Plaintiff and/or members of the putative class are entitled to damages or penalties, Defendant is entitled to an offset for any payments of wages or other remuneration previously provided to them.

### SIXTH SEPARATE DEFENSE

#### (Good Faith—All Causes of Action)

6.    Plaintiff, and members of the putative class, are not entitled to any penalty because, at all times relevant and material, Defendant did not knowingly, intentionally, or willfully fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code or the applicable wage order.

### SEVENTH SEPARATE DEFENSE

#### (Concurrent Exclusive Jurisdiction / Other Action Pending—All Causes of Action)

7.    This action should be dismissed or stayed under the rule of concurrent exclusive jurisdiction and/or other action pending (Cal. Code Civ. Proc., § 430.10(c)), because Plaintiff has brought a separate action in the Superior Court of California, County of Los Angeles, entitled *Alfredo Vasquez vs. Randstad US L.P., et al.*, Los Angeles Sup. Ct., Case No. BC665254 (filed June 15, 2017),

2

1  which involves the same or substantially similar parties and raises the same or substantially similar

2  causes of action as those alleged in the Complaint.

### EIGHTH SEPARATE DEFENSE

#### (Failure to Arbitrate—All Causes of Action)

5      8.      Plaintiff's claims, and the claims of all members of the putative class, are barred to the

6  extent that Plaintiff and/or other putative class members agreed in writing to submit those claims to

7  mandatory, final, and binding arbitration.  Plaintiff's failure to submit his claims to arbitration bar the

8  present action.  Defendant expressly reserves and does not waive the right to compel arbitration.

### NINTH SEPARATE DEFENSE

#### (Labor Code § 2856—All Causes of Action)

11      9.      This Complaint is barred by Labor Code section 2856 to the extent that Plaintiff or any

12  putative class member failed to substantially comply with all the directions of Defendant, and such

13  failure proximately caused the alleged losses for which they seek relief.

### TENTH SEPARATE DEFENSE

#### (Accord and Satisfaction/Release—All Causes of Action)

16      10.     The claims of Plaintiff and/or any putative class member are barred, in whole or in part,

17  pursuant to an accord and satisfaction, and/or are barred to the extent that Plaintiff and/or any putative

18  class members have entered into or are otherwise bound by compromise, settlement, or release

19  agreements regarding those claims.

### ELEVENTH SEPARATE DEFENSE

#### (Consent—All Causes of Action)

22      11.     The alleged conduct of Defendant complained of in the Complaint was approved,

23  consented to, or authorized by Plaintiff and by all the members of the putative class through their

24  actions, omissions, and course of conduct.  Accordingly, the Complaint and each purported cause of

25  action therein is barred.

3

39861962v.1

### TWELFTH SEPARATE DEFENSE

#### (*De Minimis* Doctrine—All Causes of Action)

12.     The Complaint seeks compensation for time which, even if in fact worked, was *de minimis* and therefore is not recoverable.

### THIRTEENTH SEPARATE DEFENSE

#### (No Knowledge—All Causes of Action)

13.     Plaintiff's claims, and the claims of all the members of the putative class, are barred to the extent that Defendant did not have actual or constructive knowledge of any purported unpaid overtime or off-the-clock work allegedly performed by Plaintiff or members of the putative class.

### FOURTEENTH SEPARATE DEFENSE

#### (Good Faith Dispute, Labor Code § 1194.2—First, Second, Fifth, Sixth, and Seventh
#### Causes of Action)

14.     Plaintiff, and the members of the putative class, are not entitled to Labor Code section 1194.2 penalties because a good faith dispute exists as to Plaintiff's claims, such that Defendant cannot be held to have willfully failed to comply with the requirements of the California Labor Code.

### FIFTEENTH SEPARATE DEFENSE

#### (Meal and Rest Breaks Provided—Third, Fourth, Fifth, Sixth, and Seventh Causes of Action)

15.     At all times relevant to the Complaint, Defendant provided meal periods, and authorized and permitted rest breaks.  To the extent that Plaintiff or any putative class members voluntarily chose not to take such breaks, Defendant has not violated the California Labor Code or the IWC Wage Orders, and the purported meal and rest period claims are barred.

### SIXTEENTH SEPARATE DEFENSE

#### (Valid Meal Period Waivers—Third, Fifth, Sixth, and Seventh Causes of Action)

16.     Plaintiff's claims for meal period premiums are barred to the extent that they and any putative class members entered into valid meal period waivers as set forth in the applicable IWC Wage Order.

4

1

### SEVENTEENTH SEPARATE DEFENSE

2

**(Missed Meal and Rest Breaks Paid—Third, Fourth, Fifth, Sixth, and Seventh Causes of Action)**

3

      17.     To the extent that Plaintiff or any of the putative class members were paid additional

4

compensation for missed meal or rest periods, their meal and rest period claims are barred.

5

### EIGHTEENTH SEPARATE DEFENSE

6

**(No Knowing and Intentional Violation of Labor Code § 226—First, Second, Third, Fourth, Fifth,**

7

**and Seventh Causes of Action)**

8

      18.     Any alleged violation of Labor Code section 226 was not knowing and intentional and

9

therefore Plaintiff's requested recovery is barred.

10

### NINETEENTH SEPARATE DEFENSE

11

**(Good-Faith Dispute - Labor Code § 203—First, Second, Third, Fourth, Sixth, and Seventh**

12

**Causes of Action)**

13

      19.     Plaintiff, and members of the putative class, are not entitled to Labor Code section 203

14

penalties because a good-faith dispute existed as to the monies allegedly owed at the time of the

15

termination, such that Defendant cannot be held to have willfully failed to comply with the requirements

16

of the applicable Labor Code sections. *See* Cal. Code Regs., tit. 8, § 13520.

17

### TWENTIETH SEPARATE DEFENSE

18

**(*Res Judicata* / Collateral Estoppel—All Causes of Action)**

19

      20.     Plaintiff's Complaint, and each and every purported claim for relief alleged therein, is

20

barred by the doctrines of *res judicata* and/or collateral estoppel, to the extent that Plaintiff and/or any

21

putative class member has asserted any similar claims to those alleged in the Complaint in a previous

22

adjudication on the merits or in other pending or past actions.

23

### TWENTY-FIRST SEPARATE DEFENSE

24

**(Claim Splitting—All Causes of Action)**

25

      21.     Plaintiff's Complaint, and each and every purported claim for relief alleged therein, is

26

barred by the doctrine of claim splitting, to the extent that Plaintiff and/or any putative class member has

27

asserted any similar claims to those alleged in the Complaint in a previous adjudication on the merits or

28

5

39861962v.1

## TWENTY-SIXTH SEPARATE DEFENSE

### (Lack of Standing—All Causes of Action)

26.    Plaintiff does not have standing to pursue some or all of the claims he purports to assert on behalf of other putative class members.

## TWENTY-SEVENTH SEPARATE DEFENSE

### (Improper Venue/Forum Non Conveniens—All Causes of Action)

27.    Plaintiff is barred from pursuing his claims in this court on grounds of improper venue and/or forum non conveniens.

## ADDITIONAL UNKNOWN DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses, and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## DEFENDANT'S REQUEST FOR COSTS AND ATTORNEYS' FEES

Plaintiff knew or should have known that his claims, and the claims of all the members of the putative class, are without any reasonable basis in law or equity and cannot be supported by a good-faith argument for extension, modification or reversal of existing law.  As a result of Plaintiff's lawsuit, Defendant has been required to obtain the services of the undersigned attorneys, and have incurred and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case, and Defendant is therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with California Code of Civil Procedure section 128.7.

## PRAYER

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff take nothing by his Complaint;

2.    That Plaintiff's request for an order certifying a proposed class action be denied;

3.    That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

4.    That Defendant be awarded reasonable attorneys' fees according to proof;

7

5.    That Defendant be awarded the costs of suit incurred herein; and

6.    That Defendant be awarded such other and further relief as the Court may deem appropriate and proper.


DATED: July 27, 2017                                    Respectfully submitted,

                                                       SEYFARTH SHAW LLP


                                                       By: _____
                                                           Andrew M. McNaught
                                                           Michael A. Wahlander
                                                           Elizabeth J. MacGregor

                                                       Attorneys for Defendant
                                                       RANDSTAD US, L.P., a Delaware limited
                                                       partnership

8

DEFENDANT RANDSTAD US, L.P.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT
/ CASE NO. RG17864202

39861962v.1

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On July 27, 2017, I served the within document(s):

### DEFENDANT RANDSTAD US, L.P.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

☐ I sent such document from facsimile machines (415) 397-8549 on July 27, 2017. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by personally arranging for delivery of the document(s) listed above by messenger to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

David Yeremian                                     Tel: (818) 230-8380
DAVID YEREMIAN & ASSOCIATES, INC.    Fax: (818) 230-0308
535 N. Brand Boulevard, Suite 705           Email: david@yeremianlaw.com
Glendale, CA 91203

*Counsel for Plaintiff*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 27, 2017, at San Francisco, California.

_____
                                              Lisa Rivers

40109154v.1

# *Exhibit C*

*Exhibit C*

COPY

1  BARRETT K. GREEN, Bar No. 145393
   COURTNEY S. HOBSON, Bar No. 252322
2  LITTLER MENDELSON, P.C.
   2049 Century Park East, 5th Floor
3  Los Angeles, CA 90067.3107
   Telephone:   310.553.0308
4  Fax No.:     310.553.5583

5  Attorneys for Defendants
   XPO LOGISTICS FREIGHT, INC. and XPO
6  LOGISTICS WORLDWIDE, LLC.

7

8

9

10

11            SUPERIOR COURT OF CALIFORNIA

12                COUNTY OF ALAMEDA

13  ALFREDO VASQUEZ, on behalf of       Case No.  RG17864202
    himself and others similarly situated,
14                                       ASSIGNED FOR ALL PURPOSES TO HON.
                   Plaintiff,            JUDGE STEPHEN PULIDO, DEPT. 16
15
          v.                             **ANSWER OF DEFENDANTS XPO**
16                                       **LOGISTICS FREIGHT, INC. AND XPO**
    RANDSTAD US L.P., a Delaware limited **LOGISTICS WORLDWIDE, LLC TO**
17  partnership, XPO LOGISTICS FREIGHT,  **PLAINTIFF'S UNVERIFIED CLASS**
    INC. a Delaware corporation; XPO     **ACTION COMPLAINT**
18  LOGISTICS WORLDWIDE, LLC, a
    Delaware limited liability company; and  Complaint Filed:  June 15, 2017
19  DOES 1 through 50, inclusive,

20                 Defendants.

21

22

23

24

25

26

27

28

ENDORSED
FILED
ALAMEDA COUNTY

JUL 2 8 2017

CLERK OF THE SUPERIOR COURT
By  **M. Williams**
                              Deputy

1.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

ANSWER OF DEFENDANTS XPO LOGISTICS FREIGHT, INC. AND XPO LOGISTICS WORLDWIDE, LLC

1    COME NOW Defendants XPO LOGISTICS FREIGHT, INC. and XPO LOGISTICS

2    WORLDWIDE, LLC[1] (together "XPO Defendants"), answering on behalf of themselves and for no

3    other defendant, the unverified Class Action Complaint ("Complaint") of Plaintiff Alfredo Vasquez

4    ("Plaintiff"), as follows:

## GENERAL DENIAL

6    Pursuant to section 431.30 of the California Code of Civil Procedures, XPO Defendants

7    generally deny each and every allegation in the Complaint, and further specifically deny that

8    Plaintiff was damaged in the sum alleged or in any other sum, or at all, by reason of any conduct on

9    the part of XPO Defendants or any of XPO Defendants' officers, agents, or employees.

## AFFIRMATIVE DEFENSES

11    XPO Defendants further assert the following affirmative defenses.  By asserting these

12    defenses, XPO Defendants do not concede that they have the burden of production or proof as to any

13    affirmative defense asserted below.  Further, XPO Defendants do not presently know all of the facts

14    concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time.  XPO

15    Defendants are informed and believe that a reasonable opportunity for investigation and discovery

16    will reveal facts in support of the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

19    1.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

20    allege that the Complaint fails to state facts sufficient to constitute a cause of action upon which

21    relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Binding Arbitration)

24    2.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

25    allege that the Complaint, and each cause of action set forth therein, or some of them, is barred

---

[1]XPO Logistics Worldwide, LLC, is being sued in error.  The "proper" defendant (no admission of liability) is XPO Logistics Freight, Inc.

2.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles  CA  90067 3107
310 553-0308

ANSWER OF DEFENDANTS XPO LOGISTICS FREIGHT, INC. AND XPO LOGISTICS WORLDWIDE, LLC

1  because Plaintiff entered into an agreement to submit all claims against Defendants to binding

2  arbitration, and, therefore, his exclusive remedy is through final and binding arbitration.[2]

3                          **THIRD AFFIRMATIVE DEFENSE**

4                      **(Binding Arbitration – No Class Claims)**

5         3.      As a separate and distinct affirmative defense to the Complaint, XPO Defendants

6  allege that the Complaint cannot be maintained because Plaintiff and the putative class members

7  entered into an agreement to submit all employment related claims to binding arbitration on an

8  individual basis, expressly waiving any right to bring claims as a class or collective action.

9                          **FOURTH AFFIRMATIVE DEFENSE**

10                               **(Improper Venue)**

11        4.      As a separate and distinct affirmative defense to the Complaint, XPO Defendants

12  allege that venue is improper.

13                          **FIFTH AFFIRMATIVE DEFENSE**

14                          **(Class Action - Standing)**

15        5.      As a separate and distinct affirmative defense to the Complaint, XPO Defendants

16  allege that the Complaint and each cause of action set forth therein are barred because the named

17  Plaintiff lacks standing as a representative of the proposed class and does not adequately represent

18  the putative class members.

19                          **SIXTH AFFIRMATIVE DEFENSE**

20                   **(Class Action – Violation of Due Process)**

21        6.      As a separate and distinct affirmative defense to the Complaint, XPO Defendants

22  allege that certification of a class, as applied to the facts and circumstances of this case, would

23  constitute a denial of XPO Defendants' due process rights, both substantive and procedural, in

24  violation of the Fourteenth Amendment to the United States Constitution and the California

25

26

---

27  [2] By filing this Answer, XPO Defendants specifically reserve all rights to move to compel arbitration and the filing of the
    Answer should not be construed as a willingness to litigate this matter in Court or otherwise be deemed a waiver of the
28  right to compel arbitration.

                                                    3.

LITTLER MENDELSON, P C
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

**ANSWER OF DEFENDANTS XPO LOGISTICS FREIGHT, INC. AND XPO LOGISTICS WORLDWIDE,
LLC'S**

1  Constitution.  Defendants reserve the right to amend their answer upon further investigation and

2  discovery of facts supporting this defense.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Waiver/Release)

7.      As a separate and distinct affirmative defense to the Complaint, XPO Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrine of waiver and/or have been released.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Laches)

8.      As a separate and distinct affirmative defense to the Complaint, XPO Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

9.      As a separate and distinct affirmative defense to the Complaint, XPO Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

10.      As a separate and distinct affirmative defense to the Complaint, XPO Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Collateral Estoppel/Res Judicata)

11.      As a separate and distinct affirmative defense to the Complaint, XPO Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrines of collateral estoppel and/or res judicata.

LITTLER MENDELSON, P.C
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

**ANSWER OF DEFENDANTS XPO LOGISTICS FREIGHT, INC. AND XPO LOGISTICS WORLDWIDE, LLC'S**

1

**TWELFTH AFFIRMATIVE DEFENSE**

2

**(Consent)**

3      12.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

4    allege that the Complaint and each cause of action set forth therein are barred by the doctrine of

5    consent.

6

**THIRTEENTH AFFIRMATIVE DEFENSE**

7

**(Set Off And/Or Offset)**

8      13.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

9    contend that Plaintiff is not entitled to recover anything in this action, and were Plaintiff to obtain

10   any monetary relief, any such recovery must be offset and/or setoff by all damages and losses

11   proximately caused by Plaintiff's conduct.

12

**FOURTEENTH AFFIRMATIVE DEFENSE**

13

**(Bad Faith)**

14     14.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

15   allege that a reasonable opportunity for investigation and discovery will reveal and, on that basis,

16   allege Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for

17   that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys.  XPO

18   Defendants reserve the right to amend their answer upon further investigation and discovery of facts

19   supporting this defense.

20

**FIFTEENTH AFFIRMATIVE DEFENSE**

21

**(Breach of Duty)**

22     15.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants are

23   informed and believe that a reasonable opportunity for investigation and discovery will reveal and,

24   on that basis, allege Plaintiff's claims are barred by his own breach of the duties owed to Defendants

25   under California Labor Code section 2854, 2856, 2857, 2858 and/or 2859.

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

5.

**ANSWER OF DEFENDANTS XPO LOGISTICS FREIGHT, INC. AND XPO LOGISTICS WORLDWIDE, LLC'S**

1   **SIXTEENTH AFFIRMATIVE DEFENSE**

2   **(After-Acquired Evidence)**

3       16.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

4   allege that, to the extent during the course of this litigation Defendants acquire any evidence of

5   wrongdoing of Plaintiff, which wrongdoing would have materially affected the terms and conditions

6   of Plaintiff's employment, or would have resulted in Plaintiff being either demoted, disciplined, or

7   terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or damages and shall

8   reduce such claim as provided by law.

9   **SEVENTEENTH AFFIRMATIVE DEFENSE**

10  **(Uncertainty)**

11      17.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

12  allege that the Complaint, and the claims asserted therein, are uncertain.

13  **EIGHTEENTH AFFIRMATIVE DEFENSE**

14  **(Statute of Limitations)**

15      18.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

16  allege that each purported cause of action set forth in the Complaint is barred in whole or in part by

17  the applicable statute(s) of limitation, including without limitation, the one year limitations period

18  contained in California Code of Civil Procedure section 340(a), the three-year limitations period

19  contained in California Code of Civil Procedure section 338(a), the four year limitations period

20  contained in California Code of Civil Procedure section 343, the three-year limitations periods

21  contained in Labor Code sections 1194.2 and 203(b) (as applied to this case), and the four year

22  statute of limitations contained in California Business and Professions Code section 17208.

23  **NINETEENTH AFFIRMATIVE DEFENSE**

24  **(Failure to Mitigate)**

25      19.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

26  allege that, without admitting that Plaintiff is entitled to any recovery, further investigation and

27  discovery will reveal that if Plaintiff is entitled to any recovery, Plaintiff has failed to take

28  reasonable steps to mitigate his alleged damages.

6.

LITTLER MENDELSON, P C
2049 Century Park East
5th Floor
Los Angeles  CA  90067 3107
310 553 0308

ANSWER OF DEFENDANTS XPO LOGISTICS FREIGHT, INC. AND XPO LOGISTICS WORLDWIDE, LLC'S

## TWENTIETH AFFIRMATIVE DEFENSE

### (Federal Preemption)

20.     As a separate and distinct affirmative defense to the Complaint, XPO Defendants allege that to the extent Plaintiff's claims involve conduct that is, or seek remedies that are, governed or regulated by federal law, such claims are preempted, including but not limited to claims under the Federal Aviation Administration Authorization Act of 1994 (FAAAA).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (NLRA Preemption)

21.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint, and each Cause of Action therein cannot be maintained against Defendants because the Complaint fails to state facts sufficient to constitute a cause of action in that the exclusive remedy for Plaintiff's claims is the National Labor Relations Act, 29 U.S.C., § 151 et seq.; *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236 (1959).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (LMRA Preemption)

22.     As a separate and distinct affirmative defense, Defendants allege that the claims in Plaintiff's Complaint, or some of them, cannot be maintained against Defendants because the resolution of Plaintiff's claims are substantially dependent on analysis of a collective bargaining agreement that governs Plaintiff's employment, and are therefore preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. §185(a).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

23.     As a separate and distinct affirmative defense to the Complaint, XPO Defendants allege that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to timely and completely exhaust his requisite administrative and/or contractual remedies available to him under the California Labor Code or other provisions of law prior to commencing this action.

7.

**ANSWER OF DEFENDANTS XPO LOGISTICS FREIGHT, INC. AND XPO LOGISTICS WORLDWIDE, LLC'S**

1

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

#### (Wages/Overtime – Good Faith)

3      24.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

4 allege that any violation of the Labor Code or an Order of the Industrial Welfare Commission was an

5 act or omission made in good faith and XPO Defendants had reasonable grounds for believing that

6 their wage payment practices complied with applicable laws and that any such act or omission was

7 not a violation of the Labor Code or any Order of the Industrial Welfare Commission such that

8 Plaintiff and/or the putative class members are not entitled to any penalties or damages in excess of

9 any wages which might be found to be due.

10

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

11

#### (Good Faith – Meal and Periods)

12      25.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

13 allege that any violation of the Labor Code or an Order of the Industrial Welfare Commission was an

14 act or omission made in good faith and XPO Defendants had reasonable grounds for believing that

15 their meal and rest period practices complied with applicable laws and that any such act or omission

16 was not a violation of the Labor Code or any Order of the Industrial Welfare Commission such that

17 Plaintiff and/or the putative class members are not entitled to any damages.

18

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

19

#### (Labor Code § 203 – No Willful or Intentional Violation)

20      26.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

21 allege that, even assuming arguendo Plaintiff and/or the putative class members are entitled to any

22 additional compensation, they have not willfully or intentionally failed to pay any such additional

23 compensation to Plaintiff and/or the putative class members, within the meaning and scope of

24 California Labor Code section 203.

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

ANSWER OF DEFENDANTS XPO LOGISTICS FREIGHT, INC. AND XPO LOGISTICS WORLDWIDE, LLC'S

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Bona Fide Dispute)**

27.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants allege there exists a bona fide dispute as to whether any further compensation is actually due to Plaintiff and/or the putative class members and, if so, the amount thereof.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Labor Code § 226 – No Intentional Failure)**

28.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants allege that even assuming *arguendo* Plaintiff and/or the putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members are not entitled to recover damages or penalties because XPO Defendants' alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Labor Code Penalties – Lack of Standing)**

29.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants allege that Plaintiff lacks standing to bring this action for, and the court lacks jurisdiction to award, certain of the monetary penalties sought in the Complaint, as such penalties may only be imposed in a proceeding brought by the California Labor Commissioner.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(No Private Right of Action)**

30.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants allege that various aspects of Plaintiff's causes of action are barred because there is no private right of action under numerous provisions of the California Labor Code.

LITTLER MENDELSON, P C
2049 Century Park East
5th Floor
Los Angeles  CA  90067 3107
310 553 0308

ANSWER OF DEFENDANTS XPO LOGISTICS FREIGHT, INC. AND XPO LOGISTICS WORLDWIDE, LLC'S

1

### THIRTY-FIRST AFFIRMATIVE DEFENSE

2

**(Preemption by Transportation Regulations)**

3    31.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

4    allege that the Complaint is barred, in whole or in part to the extent that the laws asserted governing

5    rest breaks conflict with federal or California regulation of transportation or transportation safety.

6

### THIRTY-SECOND AFFIRMATIVE DEFENSE

7

**(Preemption – Transportation Code)**

8    32.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

9    allege that the claims of Plaintiff and the individuals on whose behalf Plaintiff seeks relief are

10    preempted, in whole or in part, by 49 U.S.C. § 5125, et seq.

11

### THIRTY-THIRD AFFIRMATIVE DEFENSE

12

**(Wrong Employer)**

13    33.    As a separate and distinct affirmative defense to the Complaint, Defendant XPO

14    Logistics Worldwide, LLC alleges that the Complaint and each cause of action set forth therein, or

15    some of them, are barred, in whole or in part as to Defendant XPO Logistics Worldwide, LLC,

16    because Defendant XPO Logistics Worldwide, LLC was not Plaintiff's employer, nor was it the

17    employer of any other putative class members.

18

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

19

**(Labor Code § 2856)**

20    34.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

21    allege that the Complaint is barred by Labor Code section 2856 to the extent that Plaintiff or any

22    putative class member failed to substantially comply with all the directions of Defendants, and such

23    failure proximately caused the alleged losses for which they seek relief.

24

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

25

**(Accord and Satisfaction/Release)**

26    35.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

27    allege that the claims of Plaintiff and/or any putative class member are barred, in whole or in part,

28    pursuant to an accord and satisfaction, and/or are barred to the extent that Plaintiff and/or any

10.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

ANSWER OF DEFENDANTS XPO LOGISTICS FREIGHT, INC. AND XPO LOGISTICS WORLDWIDE, LLC'S

1   putative class members have entered into or are otherwise bound by compromise, settlement, or

2   release agreements regarding those claims.

3   **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

4   (*De Minimis* **Doctrine**)

5   36.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

6   allege that the Complaint seeks compensation for time which, even if in fact worked, was *de minimis*

7   and therefore is not recoverable.

8   **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

9   (**No Knowledge**)

10   37.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

11   allege that Plaintiff's claims, and the claims of all the members of the putative class, are barred to the

12   extent that XPO Defendants did not have actual or constructive knowledge of any purported unpaid

13   overtime or off-the-clock work allegedly performed by Plaintiff or members of the putative class.

14   **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

15   (**Claim Splitting**)

16   38.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

17   allege that Plaintiff's Complaint, and each and every purported claim for relief alleged therein, is

18   barred by the doctrine of claim splitting to the extent that Plaintiff has asserted any similar claims to

19   those alleged in the Complaint in a previous adjudication on the merits or in other pending or past

20   actions, including but not limited to Plaintiff's separately pending action in the Superior Court of

21   California, County of Los Angeles, entitled *Alfredo Vasquez vs. Randstad US L.P., et al.*, Los

22   Angeles Sup. Ct., Case No. BC665254 (filed June 15, 2017).

23   **THIRTY-NINTH AFFIRMATIVE DEFENSE**

24   (**Concurrent Exclusive Jurisdiction / Other Action Pending**)

25   39.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

26   allege that this action should be dismissed or stayed under the rule of concurrent exclusive

27   jurisdiction and/or other action pending (Cal. Code Civ. Proc., § 430.10(c)), because Plaintiff has

28   brought a separate action in the Superior Court of California, County of Los Angeles, entitled

11.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

**ANSWER OF DEFENDANTS XPO LOGISTICS FREIGHT, INC. AND XPO LOGISTICS WORLDWIDE,
LLC'S**

1    *Alfredo Vasquez vs. Randstad US L.P., et al.*, Los Angeles Sup. Ct., Case No. BC665254 (filed June

2    15, 2017)., which involves the same or substantially similar parties and raises the same or

3    substantially similar causes of action as those alleged in the Complaint.

### FORTIETH AFFIRMATIVE DEFENSE

### (No Section 17200 Standing)

6        40.    As a separate and distinct affirmative defense to the Complaint, XPO Defendants

7    allege that Plaintiff is a former employee, and therefore lacks standing to seek injunctive relief, civil

8    penalties, or damages under relevant portions of the California Labor Code and California Business

9    and Professions Code section 17200 et seq., because, *inter alia*, he has not suffered any injury in fact

10    or lost money or property as a result of any unfair competition, and/or no penalties are available

11    under the statutes sued upon, and/or he is no longer employed by XPO Defendants and has an

12    adequate remedy at law.

### ADDITIONAL AFFIRMATIVE DEFENSES

14        XPO Defendants state that they do not presently know all facts concerning Plaintiff's claims

15    sufficient to state all affirmative defenses at this time.  XPO Defendants will seek leave of this Court

16    to amend this Answer should they later discover facts demonstrating the existence of additional

17    affirmative defenses.

### PRAYER FOR RELIEF

19        WHEREFORE, XPO Defendants pray for relief as follows:

20        1.    That Plaintiff take nothing and that the Complaint be dismissed in its entirety with

21    prejudice;

22        2.    That judgment be entered in XPO Defendants' favor;

LITTLER MENDELSON, P C
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

12.

ANSWER OF DEFENDANTS XPO LOGISTICS FREIGHT, INC. AND XPO LOGISTICS WORLDWIDE,
LLC'S

3.    That XPO Defendants be awarded their attorneys' fees and costs of suit herein, to the extent permitted under applicable law; and

4.    That XPO Defendants be awarded such other, further relief as the Court deems just and proper.

Dated: July 28, 2017

Respectfully submitted,

BARRETT K. GREEN
COURTNEY S. HOBSON
LITTLER MENDELSON, P.C.
Attorneys for Defendants
XPO LOGISTICS FREIGHT, INC. and XPO
LOGISTICS WORLDWIDE, LLC

Firmwide:149059733.6 012187.1000

13.

**ANSWER OF DEFENDANTS XPO LOGISTICS FREIGHT, INC. AND XPO LOGISTICS WORLDWIDE, LLC'S**

1    I am a resident of the State of California, over the age of eighteen years, and not a

2  party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles,

3  California 90067.3107. On July 28, 2017, I served the within document(s):

4    **ANSWER OF DEFENDANTS XPO LOGISTICS FREIGHT,
     INC. AND XPO LOGISTICS WORLDWIDE, LLC TO**
5    **PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

6  ☐    by facsimile transmission at or about _____ on that date. This document
        was transmitted by using a facsimile machine that complies with California Rules
7        of Court Rule 2003(3), telephone number 310.553.5583. The transmission was
        reported as complete and without error. A copy of the transmission report, properly
8        issued by the transmitting machine, is attached. The names and facsimile numbers
        of the person(s) served are as set forth below.
9

10 ☐    by placing a true copy of the document(s) listed above for collection and mailing
        following the firm's ordinary business practice in a sealed envelope with postage
11       thereon fully prepaid for deposit in the United States mail at Los Angeles,
        California addressed as set forth below.
12

13 ☒    by depositing a true copy of the same enclosed in a sealed envelope, with delivery
        fees provided for, in an overnight delivery service pick up box or office designated
14       for overnight delivery, and addressed as set forth below.

15 ☐    by personal service I caused such envelope to be delivered to **USA Legal Network**
        for delivery to the address below.
16

   ☐    Based on a court order or an agreement of the parties to accept service by e-mail or
17       electronic transmission, I caused the documents to be sent to the persons at the e-
        mail addresses on the attached service list on the dates and at the times stated
18       thereon. I did not receive, within a reasonable time after the transmission, any
        electronic message or other indication that the transmission was unsuccessful. The
19       electronic notification address of the person making the service is
        cnese@littler.com.
20

21 David Yeremian & Associates, Inc.      Andrew McNaught, Esq.
   David Yeremian, Esq.                   Michael Wahlander, Esq.
22 Enoch J. Kim, Esq.                     Seyfarth Shaw, LLP
   535 N. Brand Blvd., Ste. 705          560 Mission St., Ste. 3100
23 Glendale, CA 91203                     San Francisco, CA 94105-2930
   david@yeremianlaw.com                  MWahlander@seyfarth.com
24 enoch@yeremianlaw.com                  AMcNaught@seyfarth.com
   Telephone: 818.230.8380                Telephone: 415.397.2823
25 Facsimile: 818.230.0308                Facsimile: 415.397.8549

26

27    I am readily familiar with the firm's practice of collection and processing

28

LITTLER MENDELSON, P C
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Firmwide:149083675.1 012187.1000                    2.

PROOF OF SERVICE

1    correspondence for mailing and for shipping via overnight delivery service. Under that practice it

2    would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

3    deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

4    thereon fully prepaid in the ordinary course of business.

5          I declare under penalty of perjury under the laws of the State of California that the

6    above is true and correct. Executed on July 28, 2017, at Los Angeles, California.

7

8    _____

9                    Annette Ryan

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Firmwide:149083675.1 012187.1000

3.

PROOF OF SERVICE